**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Big Heart Pet, Inc. | )  CASE NO._____ |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Spectrum Brands Pet LLC | ) |
| | ) |
|        Defendant. | ) |
| | ) |
| | ) |

Plaintiff, Big Heart Pet, Inc. ("Big Heart" or "Plaintiff"), by and through counsel and for their Complaint against Defendant, Spectrum Brands Pet LLC ("Spectrum Brands"), states and alleges the following:

### I.  INTRODUCTION

1.  Starting in 1974, the MEOW MIX brand has been a constant, playful presence on grocery shelves and in households across the United States. The catchy Meow Mix jingle has been an inescapable adjunct to American life in the decades since, even being promoted to the Earworm Hall of Fame by the Kennedy Center and remixed for subsequent generations and multiple music genres. Big Heart has expended a great deal of time and money promoting the brand and enforcing its exclusive rights against competitors and others who would dilute the value of the brand and Big Heart's goodwill therein.

2.  Despite—and, upon information and belief, *because of*—the fame of the MEOW MIX trademark, Defendant Spectrum Brands Pet LLC ("Spectrum Brands") decided to launch a brand of cat treats in the United States using the trademark MEOWEE!, filing intent-to-use trademark applications in the United States and several other countries for MEOWEE! and MEOWEE! SAVORY SPOONABLES.

3.      Ignoring Big Heart's immediate objections, Spectrum Brands soft-launched MEOWEE! treats in the United States in August 2023 during proceedings before the United States Trial and Appeal Board ("TTAB") over the registrability of Spectrum Brands' MEOWEE! applications. The as-launched MEOWEE! products included additional wording, color, and images that drew upon similarities with the MEOW MIX brand.

4.      In spite of Big Heart's multiple good-faith attempts to resolve its dispute with Spectrum Brands during the TTAB proceedings, Spectrum Brands refused to stop using the infringing MEOWEE! trademark.

5.      Survey evidence disclosed in the TTAB proceedings showed a net 22.4% estimated likelihood of consumer confusion and confirmed that awareness of the MEOW MIX brand amongst cat-owning households consistently measures at more than 85%.

6.      Despite this strong evidence of consumer confusion and fame, and over Big Heart's continued objections, in Spring 2026, Spectrum Brands expanded its product offerings under the MEOWEE! trademark, necessitating the filing of this action.

7.      Big Heart brings this action to prevent further consumer confusion and dilution of its famous MEOW MIX trademark. For over fifty (50) years, Big Heart has built significant goodwill in the MEOW MIX brand ensuring that consumers can trust the brand for its high-quality products. For just as long, Big Heart has used variations of its current slogan, "The Only Brand Cats Ask For By Name®," further reinforcing the distinctiveness of the MEOW MIX mark which is under threat. Spectrum Brands' deceptive branding trades off the goodwill of Big Heart's MEOW MIX trademarks, dilutes the famous MEOW MIX brand, and confuses consumers.

## II.    THE PARTIES

8.      Plaintiff Big Heart Pet, Inc. is a Delaware corporation with a principal place of business at One Strawberry Lane, Orrville, Ohio 44667. Big Heart is a subsidiary of The J. M. Smucker Company and has a variety of well-known pet brands, including MEOW MIX (the "MEOW MIX Trademark"). The MEOW MIX Trademark has been used in connection with pet food and treats since at least 1974. For more than fifty (50) years, the MEOW MIX brand has been known for quality pet food. The MEOW MIX brand regularly has brand awareness in the upper 80th percentile across all cat-owning households.

9.      Defendant Spectrum Brands Pet LLC is a New York limited liability company with an address of One Ride Trail Plaza Drive, Suite 300, Earth City, Missouri 63045. Spectrum Brands filed U.S. Application Serial No. 9745122—which Big Heart opposed on September 11, 2023 in Trademark Trial and Appeal Board proceeding number 91287091—and U.S. Application Serial No. 97560955, which issued as U.S. Reg. No. 7323941 on March 05, 2024, for the standard character marks MEOWEE! and MEOWEE! SAVORY SPOONABLES for the Class 31 goods "edible cat treats." Spectrum Brands currently sells products in this district bearing the MEOWEE! and MEOWEE! SAVORY SPOONABLES marks.

## III.    JURISDICTION AND VENUE

10.     Because Big Heart's claims include its rights arising under the Lanham Act (15 U.S.C. § 1051 et seq.), the Court has subject matter jurisdiction over Big Heart's trademark infringement claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

11.     Supplemental jurisdiction over Big Heart's state law claims is proper under 28 U.S.C. § 1367 because Big Heart's state law claims form part of the same case and controversy and arise from the same nucleus of facts as Big Heart's Lanham Act claims and because they

- 3 -

include a claim of unfair competition joined with a substantial and related claim under trademark laws.

12. Through its business operations in this district, and by knowingly threatening Big Heart's trademarks in this district, Spectrum Brands is subject to the Court's personal jurisdiction.

13. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## IV. <u>NATURE OF THE ACTION</u>

14. Plaintiff Big Heart seeks injunctive and monetary relief for ongoing trademark infringement and unfair competition under the laws of the United States, Title 15, United States Code (the "Lanham Act"), and for acts of trademark infringement, unfair competition, and deceptive trade practices under applicable Ohio law and common law by Defendant Spectrum Brands.

### A. Big Heart & Its Famous MEOW MIX Brand

15. In addition to the MEOW MIX trademark, Big Heart has long used well-recognized branding that includes an orange cat logo (the appearance and stylization of which has evolved over the years), the colors orange and gold on its packaging and website at www.meowmix.com, and a secondary color scheme for certain products, including purple (for MEOW MIX Original Choice), pink (for MEOW MIX Kitten Li'l Nibbles), and teal (for MEOW MIX IRRESISTIBLES Soft Cat Treats with Salmon) (collectively, the "Meow Mix Trade Dress").

16. Big Heart's use of the Meow Mix Trade Dress can be seen in the below examples:







Kitten Lil Nibbles® Cat Food          Original Choice Cat Food          Seafood Medley Cat Food



17.     Big Heart has invested substantial time, effort and expense in extensive advertising, marketing and promotion of its products under the MEOW MIX Trademark and Trade Dress, including hosting "The Meow Mix Gold Medal Games," the "Meow Mix House" reality television show, and "The Meow Mix Jingle Contest."

18.     The Meow Mix jingle, used in MEOW MIX advertising since 1974, features repeated use of the word "meow" set to a simple, catchy tune and remains widely recognized, with a dedicated Spotify channel and millions of views on YouTube. The jingle is often the subject of pop culture references, such as the *Austin Powers* film and the television show *Malcolm in the Middle*, for example.

19.     Due to its advertising, marketing, and promotion of products under the MEOW MIX brand, considerable goodwill has attached to the MEOW MIX Trademark.

- 5 -

20.     The MEOW MIX Trademark has become widely recognized by the general public of the United States.

21.     Big Heart also uses numerous sub-brands with its MEOW MIX Trademark.

22.     In or around 2011, Big Heart released MEOW MIX SAVORY MORSELS wet cat food. Although Big Heart recently began transitioning away from SAVORY MORSELS in connection with the adoption of a new sub-brand (CHUNKS IN GRAVY), until October 17, 2025, Big Heart owned U.S. Reg. No. 4718280 on the Supplemental Register for SAVORY MORSELS and common law rights to the mark MEOW MIX SAVORY MORSELS, which is still used by online retailers.

23.     Since at least 2015, Big Heart has used the trademarks IRRESISTIBLES and MEOW MIX IRRESISTIBLES to identify the source of its MEOW MIX cat treats.

24.     Big Heart uses the MEOW MIX Trademark at common law and is the owner of several U.S. Trademark Registrations and applications covering goods in Classes 25 and 31 incorporating the MEOW MIX Trademark, including the registrations set forth in the following chart (together the "MEOW MIX Marks"):

| Mark | Key Dates | Goods |
| --- | --- | --- |
| MEOW MIX TASTY LAYERS<br><br>**Reg** 6397519 | Application Date: 13-DEC-2019<br>Registration Date: 22-JUN-2021<br>First Use Date: 18-MAR-2021 | **INT. CL. 31** PET FOOD; EDIBLE PET TREATS |
| MEOW MIX<br><br>Meow Mix<br><br>**Reg** 4968789 | Application Date: 16-OCT-2015<br>Registration Date: 31-MAY-2016<br>First Use Date: 14-DEC-2011 | **INT. CL. 31** PET FOOD |
| MEOW MIX IRRESISTIBLES | Application Date: 14-JUL-2014<br>Registration Date: 08-DEC-2015 | **INT. CL. 31** CAT TREATS |

| | | |
|---|---|---|
| **Reg** 4867858 | First Use Date: 02-JUN-2015 | |
| MEOW MIX PATÉ TOPPERS<br><br>**Reg** 4219058 | Application Date: 07-JUL-2011<br>Registration Date: 02-OCT-2012<br>First Use Date: JAN 2012 | **INT. CL. 31** PET FOOD |
| MEOW MIX TENDER CENTERS<br><br>**Reg** 4176190 | Application Date: 08-JUN-2010<br>Registration Date: 17-JUL-2012<br>First Use Date: 14-DEC-2011 | **INT. CL. 31** PET FOOD |
| MEOW MIX<br><br>**Reg** 3022746 | Application Date: 26-OCT-2004<br>Registration Date: 06-DEC-2005<br>First Use Date: FEB 2001 | **INT. CL. 25** CLOTHING; NAMELY, SHIRTS, HATS |
| MEOW MIX<br><br><br><br><br><br><br><br>**Reg** 2365313 | Application Date: 05-FEB-1999<br>Registration Date: 04-JUL-2000<br>First Use Date: MAR 1999 | **INT. CL. 31** PET FOOD |
| MEOW MIX<br><br>**Reg** 1995276 | Application Date: 13-JUL-1995<br>Registration Date: 20-AUG-1996<br>First Use Date: SEP 1974 | **INT. CL. 31** CAT FOOD |
| IRRESISTIBLES<br><br>**Reg** 4867859 | Application Date: 14-JUL-2014<br>Registration Date: 08-DEC-2015<br>First Use Date: 02-JUN-2015 | **INT. CL. 31** CAT TREATS |

These registrations for Big Heart's trademarks and logos are in full force and effect. With the exception of Reg. No.6397519, the registrations have become incontestable under 15 U.S.C. § 1065.

25.     Big Heart's MEOW MIX Marks are distinctive, well known, and widely recognized by the consuming public based on decades of continuous, high-visibility use in advertising, media, and pop culture references, as well as extensive nationwide sales of the designated goods. As a result, the public strongly associates the MEOW MIX Marks with Big Heart.

26.     Big Heart's MEOW MIX Marks are therefore famous.

27.     Big Heart has continuously used its MEOW MIX Marks in interstate commerce in connection with the designated goods since at least as early as 1974, well before any use of Spectrum Brands' MEOWEE! Marks in the United States.

28.     Big Heart is the owner of all right, title, and interest in and to the MEOW MIX Marks.

**B.  Defendant's Infringing & Dilutive MEOWEE! Cat Treats**

29.     Notwithstanding Big Heart's prior established rights in the MEOW MIX Marks, Spectrum Brands filed two intent-to-use trademark applications in 2022: U.S. Application Serial No. 97451227 for the standard character mark MEOWEE! for the Class 31 goods "edible cat treats" on June 9, 2022, and U.S. Application Serial No. 97560955 for the standard character mark MEOWEE! SAVORY SPOONABLES for same goods on August 23, 2022. Collectively, MEOWEE!,  MEOWEE! SAVORY SPOONABLES, and Spectrum Brands' other MEOWEE!-formed marks are the "MEOWEE! Marks."

30.     In June 2023, Big Heart informed Spectrum Brands of its objections to Spectrum Brands' use, registration of, and applications for the MEOWEE! Marks and/or confusingly similar marks in the United States.

31.     Spectrum Brands nevertheless launched its MEOWEE! brand products for sale in the United States on or around August 2023, although its distribution was limited largely to e-commerce.

32.     Spectrum Brands' product branding for its MEOWEE! brand products (including those sold under the MEOWEE! SAVORY SPOONABLES mark) utilizes an orange cat in its logo, the colors orange and gold on its website, and a similar secondary color scheme (i.e., purple, pink, and teal) to the Meow Mix Trade Dress.

33.     Spectrum Brands' infringing use can be seen in the below examples:



34.     At the time it launched its products under the MEOWEE! brand, Spectrum Brands also began using the tagline "Purrrfectly Irresistible Treats" with those products, as shown below. This use of "Irresistible Treats" is confusingly similar to Big Heart's registered trademarks IRRESISTIBLES and MEOW MIX IRRESISTIBLES for cat treats.



35.     Spectrum Brands' mark MEOWEE! SAVORY SPOONABLES shares aural, visual, and grammatical similarities with Big Heart's MEOW MIX IRRESISTIBLES trademark.

36.     Both are three word marks beginning with the MEOW- formative component, and both use the same ending syllable "-BLES." The pluralization of the two root terms by using an "S" at the end is unique under normal English usage of the root terms (or at the very least unconventional) and under non-trademark usage converts adjectives into nouns.

37. Spectrum Brands' use of MEOWEE! SAVORY SPOONABLES also shares aural and visual similarities with Big Heart's MEOW MIX SAVORY MORSELS trademark.

38. Upon information and belief, Spectrum Brands adopted the MEOWEE! SAVORY SPOONABLES mark, and uses with that mark an orange cat in its logo, gold and orange trade dress, and the color teal on its packaging in the United States with full knowledge of Big Heart's registered MEOW MIX Marks, including its IRRESISTIBLES trademark and former SAVORY MORSELS trademark, and with the intent to cause consumer confusion and dilute the distinctive quality of the MEOW MIX Trademark.

39. As further proof of Spectrum Brands' intent to free ride on Big Heart's goodwill in the MEOW MIX Trademark and Trade Dress, Spectrum Brands offers identical "savory spoonables" cat treats under the alternate brand name GOOD 'N' TASTY within the same market channels as Spectrum Brands' MEOWEE! SAVORY SPOONABLES cat treats and Big Heart's MEOW MIX IRRESISTIBLES cat treats, shown below.



40. Upon information and belief, Spectrum Brands' MEOWEE! SAVORY SPOONABLES cat treats elicit stronger consumer reaction than Spectrum Brands' GOOD 'N' TASTY SAVORY SPOONABLES cat treats—despite being the same product—due to

Spectrum Brands' deliberate association of its MEOWEE! SAVORY SPOONABLES cat treats with Big Heart's MEOW MIX brand.

### C. The TTAB Proceedings

41.     On September 11, 2023, Big Heart filed an Opposition to the MEOWEE! application with the United States Patent and Trademark Office. That Opposition, No. 91287091, remains pending.

42.     Spectrum Brands' MEOWEE! SAVORY SPOONABLES mark registered on March 5, 2024, following its declaration claiming first use of the mark on July 26, 2023. Big Heart filed a petition to cancel the registration with the United States Patent and Trademark Office on April 12, 2024, No. 92084919, which remains pending.

43.     Since filing the TTAB proceedings, Big Heart has engaged in settlement discussions with Spectrum Brands to obtain Spectrum Brands' agreement to cease use of the MEOWEE! Marks.

44.     Despite Big Heart's efforts, Spectrum Brands has recently expanded its distribution and announced new product offerings under the MEOWEE! Marks, including some even more similar to the chewy type of cat treats offered by Big Heart under the MEOW MIX IRRESISTIBLES mark.

45.     The registration of MEOWEE! SAVORY SPOONABLES and MEOWEE! provides Spectrum Brands statutory rights in violation and derogation of Big Heart's prior and superior rights, and Spectrum Brands' mark is likely to dilute the distinctiveness of Big Heart's MEOW MIX Trademark.

46.     Spectrum Brands' use of the infringing MEOWEE! Marks is also likely to cause consumer confusion, leading them to believe that Spectrum Brands is affiliated with Big Heart,

- 11 -

when it is not. By virtue of the acts complained of herein, Spectrum Brands has injured Big Heart's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Big Heart's goods with Spectrum Brands' goods, and has otherwise competed unfairly with Big Heart by unlawfully trading on the MEOW MIX Marks' goodwill without Big Heart's permission.

47.     Spectrum Brands has continued, and indeed expanded, its infringement of Big Heart's MEOW MIX Trademark despite notice from Big Heart and ongoing proceedings before the USPTO, by increasing the various permutations of MEOWEE! Marks it uses on an ever-growing variety of competitive cat treats offered in a wider selection of retail outlets. Therefore, Spectrum Brands' infringement is willful and deliberate.

48.     Spectrum Brands' acts complained of herein have caused and will continue to cause irreparable harm to Big Heart and to the substantial goodwill embodied in the famous MEOW MIX Trademark, and said acts will continue unless and until Spectrum Brands is permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114-1117)

49.     Big Heart realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

50.     Big Heart owns federal registrations, including U.S. Reg. No. 1995276, for the word mark MEOW MIX in connection with cat food in international Class 31. This registration is valid, in force, and incontestable under 15 U.S.C. § 1065.

51.     Big Heart, by virtue of its long-standing and continuous use in commerce following considerable investment and exertion, has acquired and owns significant trademark

rights in its distinctive MEOW MIX Trademark in connection with, among other things, cat food and treats.

52.     Big Heart's MEOW MIX Trademark is inherently distinctive when used in connection with Big Heart's goods. Big Heart's MEOW MIX Trademark has acquired further distinctiveness as a result of over fifty (50) years of continuous use, national commercial success, and highly impactful marketing campaigns that have catapulted MEOW MIX into household-name status.

53.     Spectrum Brands' and Big Heart's goods target the same consumers.

54.     Spectrum Brands and Big Heart market their products through the same channels, in identical or highly similar manners.

55.     Spectrum Brands is and has been aware of Big Heart's trademark rights and used a confusingly similar mark to Big Heart's MEOW MIX Trademark with intent to trade on Big Heart's goodwill.

56.     Spectrum Brands has no authorization or license from Big Heart to use Big Heart's MEOW MIX Trademark.

57.     After learning of Big Heart's objections to Spectrum Brands' use of the MEOWEE! Marks and that survey evidence estimated an appreciable amount of consumer confusion would result from said use, Spectrum Brands consciously made the reckless decision to expand its use of the MEOWEE! Marks and continues to willfully infringe the MEOW MIX Trademark.

58.     Spectrum Brands unlawfully used and, absent intervention from the Court, will continue to use, Big Heart's MEOW MIX Trademark in connection with the same or highly similar goods, in a manner identical or confusingly similar to how Big Heart uses its mark.

- 13 -

59. Spectrum Brands' use of the MEOWEE! Marks and/or confusingly similar marks is likely to cause consumer confusion regarding the origin, sponsorship, approval, and/or affiliation of Spectrum Brands' goods and violates the Lanham Act.

60. Spectrum Brands' use of the MEOWEE! Marks and/or confusingly similar marks creates initial interest confusion among consumers.

61. Spectrum Brands' use of the MEOWEE! Marks and/or confusingly similar marks causes Big Heart commercial harm, including lost profits.

62. Spectrum Brands' use of the MEOWEE! Marks and/or confusingly similar marks causes Big Heart intangible harm, including harm to its goodwill and reputation.

63. Spectrum Brands' use of the MEOWEE! Marks and/or confusingly similar marks causes Big Heart irreparable harm, for which Big Heart has no adequate remedy at law.

64. As a direct and proximate result of Spectrum Brands' conduct, Big Heart is entitled to recover Spectrum Brands' profits, the damages suffered by Big Heart due to the infringement of the MEOW MIX Trademark, and the costs to bring this action.

65. Big Heart is entitled under 15 U.S.C. §§ 1116(a) to an injunction that requires Spectrum Brands to (i) stop use of any MEOWEE! Marks and any other mark or design similar to the MEOW MIX Trademarks, (ii) stop any further action in pursuit of Spectrum Brands' MEOWEE! trademark application, (iii) submit a directive to the USPTO that the MEOWEE! application must be refused, and (iv) submit a directive to the USPTO that the MEOWEE! SAVORY SPOONABLES registration be cancelled.

**SECOND CLAIM FOR RELIEF**

**DILUTION OF FAMOUS MARK**
**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

66.    Big Heart realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

67.    Big Heart's MEOW MIX Trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to Spectrum Brands' adoption of the nearly identical MEOWEE! Marks.

68.    Big Heart's MEOW MIX Trademark is inherently distinctive when used in connection with Big Heart's goods. Big Heart's MEOW MIX Trademark has acquired commercial strength as a result of over fifty (50) years of continuous use, national commercial success, and highly impactful marketing campaigns that have catapulted MEOW MIX into household-name status.

69.    Spectrum Brands' conduct and trademark registrations are diluting Big Heart's MEOW MIX Trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

70.    Spectrum Brands willfully intended to trade on consumers' recognition of the MEOW MIX Trademark and expanded its use of the MEOWEE! Marks, even after learning that survey evidence estimated an appreciable amount of consumer confusion would result from said use.

71.    As a direct and proximate result of Spectrum Brands' conduct, Big Heart is entitled to recover Spectrum Brands' profits, the damages suffered by Big Heart due to the dilution of the MEOW MIX Marks, and the costs to bring this action.

- 15 -

72. Big Heart is entitled under 15 U.S.C. §§ 1116(a) and 1125(c) to an injunction that requires Spectrum Brands to (i) stop use of any MEOWEE! Marks and any other mark or design similar to the MEOW MIX Trademark, (ii) stop any further action in pursuit of Spectrum Brands' MEOWEE! trademark application, (iii) submit a directive to the USPTO that the MEOWEE! application must be refused, and (iv) submit a directive to the USPTO that the MEOWEE! SAVORY SPOONABLES registration be cancelled.

## THIRD CLAIM FOR RELIEF

### COMMON LAW TRADEMARK INFRINGEMENT
**(15 U.S.C. § 1125)**

73. Big Heart realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

74. Big Heart, by virtue of its long-standing and continuous use in commerce following considerable investment and exertion, has acquired and owns significant trademark rights in its well-known MEOW MIX Trademark in connection with pet food and pet treats.

75. Big Heart's MEOW MIX Trademark is famous. Big Heart's MEOW MIX Trademark is inherently distinctive when used in connection with Big Heart's goods. Big Heart's MEOW MIX Trademark has acquired distinctiveness as a result of over fifty (50) years of continuous use, national commercial success, and highly impactful marketing campaigns that have catapulted MEOW MIX into household-name status.

76. Spectrum Brands and Big Heart's goods target the same consumers.

77. Spectrum Brands and Big Heart market their products through the same channels, in identical or highly similar manners.

78. Spectrum Brands is and has been aware of Big Heart's trademark rights and used Big Heart's MEOW MIX Trademark with intent to trade on Big Heart's goodwill.

- 16 -

79. Spectrum Brands has no authorization or license from Big Heart to use Big Heart's MEOW MIX Trademark or any variation thereof.

80. After learning of Big Heart's objections to Spectrum Brands' use of the MEOWEE! Marks and that survey evidence estimated an appreciable amount of consumer confusion would result from said use, Spectrum Brands consciously made the reckless decision to expand its use of the MEOWEE! Marks and continues to willfully infringe the MEOW MIX Trademark.

81. Spectrum Brands unlawfully used, and, absent intervention from the Court, will continue to use, Big Heart's MEOW MIX Trademark in connection with the same or highly similar goods, in a manner identical or confusingly similar to how Big Heart uses its mark.

82. Spectrum Brands' use of MEOWEE! Marks and/or confusingly similar marks is likely to cause consumer confusion regarding the origin, sponsorship, approval, and/or affiliation of Spectrum Brands' goods and violates the Lanham Act.

83. Spectrum Brands' use of MEOWEE! Marks and/or confusingly similar marks creates initial interest confusion among consumers.

84. Spectrum Brands' use of MEOWEE! Marks and/or confusingly similar marks causes Big Heart commercial harm, including lost profits.

85. Spectrum Brands' use of MEOWEE! Marks and/or confusingly similar marks causes Big Heart intangible harm, including harm to its goodwill and reputation.

86. Spectrum Brands' use of MEOWEE! Marks and/or confusingly similar marks causes Big Heart irreparable harm, for which Big Heart has no adequate remedy at law.

87.     As a direct and proximate result of Spectrum Brands' conduct, Big Heart is entitled to recover Spectrum Brands' profits, the damages suffered by Big Heart due to the infringement of the MEOW MIX Trademark, and the costs to bring this action.

88.     Big Heart is entitled under 15 U.S.C. §§ 1116(a) and 1125(c) to an injunction that requires Spectrum Brands to (i) stop use of any MEOWEE! Marks and any other mark or design similar to the MEOW MIX Trademark, (ii) stop any further action in pursuit of Spectrum Brands' MEOWEE! trademark application, (iii) issue a directive to the USPTO that the MEOWEE! application must be refused, and (iv) issue a directive to the USPTO that the MEOWEE! SAVORY SPOONABLES registration be cancelled.

## FOURTH CLAIM FOR RELIEF

### DECEPTIVE TRADE PRACTICES UNDER THE OHIO DECEPTIVE TRADE PRACTICES ACT
### (O.R.C. 4165.02)

89.     Big Heart realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth here.

90.     Through the conduct detailed herein, Spectrum Brands engaged in unfair and deceptive trade practices. These include at least knowingly or recklessly (i) making false representation as to the source, sponsorship, or approval of Spectrum Brands' goods by using Big Heart's MEOW MIX Trademark; knowingly or recklessly making false representations as to Spectrum Brands' affiliation, connection, or association with Big Heart by using Big Heart's MEOW MIX Trademark; and knowingly or recklessly engaging in unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent acts or practices.

91.     Spectrum Brands' use of confusingly similar MEOWEE! Marks began long after it became aware of Big Heart's MEOW MIX Trademark.

92. Spectrum Brands' unfair and deceptive trade practices occurred in the course of their business.

93. Spectrum Brands' unfair and deceptive trade practices significantly impact the public as actual or potential consumers of the relevant goods.

94. Spectrum Brands' unfair and deceptive trade practices injure Big Heart's goodwill and trademark rights in its MEOW MIX Trademark. After learning of Big Heart's objections to Spectrum Brands' use of the MEOWEE! Marks and that survey evidence estimated an appreciable amount of consumer confusion would result from said use, Spectrum Brands consciously made the reckless decision to expand its use of the MEOWEE! Marks and continues to willfully infringe the MEOW MIX Trademark.

95. Big Heart has been injured and is likely to suffer additional injury as a consequence of these unfair and deceptive trade practices by Spectrum Brands. This causes Big Heart irreparable harm, for which Big Heart has no adequate remedy at law.

96. As a direct and proximate result of Spectrum Brands' conduct, Big Heart is entitled to recover Spectrum Brands' profits, the damages suffered by Big Heart due to the deceptive trade practices of Spectrum Brands, and the attorneys' fees and costs to bring this action.

97. Big Heart is entitled under O.R.C. 4165.03 to an injunction that requires Spectrum Brands to stop use of the MEOWEE! Marks and any other mark or design similar to the MEOW MIX Trademark.

**Prayer for Relief**

Wherefore, Big Heart prays for judgment in its favor against Spectrum Brands as follows:

- 19 -

(a) That judgment be entered in favor of Big Heart against Spectrum Brands (including its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise) on each claim made in this Complaint;

(b) That Big Heart is granted a permanent injunction prohibiting Spectrum Brands from:

(1) using any MEOWEE! trademark, or variants thereof, including, but not limited to, MEOWEE! SAVORY SPOONABLES, in connection with pet food or edible pet treats or related goods;

(2) engaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive, purchasers, potential purchasers, Big Heart's customers, consumers, and/or members of the public to believe that the actions of Spectrum Brands, or any third party in concert with Spectrum Brands, are sponsored, approved, or licensed by Big Heart, or are in some way connected or affiliated with Big Heart, or any of its subsidiaries or assets;

(3) engaging in any conduct that dilutes Big Heart's MEOW MIX Trademark;

(4) engaging in any conduct that misleads any person regarding the nature, characteristics, or quality of Big Heart's or Spectrum Brands' products;

(5) otherwise competing unfairly with Big Heart in any manner in connection with the MEOW MIX Trademark;

(c)      That Spectrum Brands be ordered to publish suitable corrective advertising regarding Spectrum Brands' lack of affiliation with Big Heart and ownership of or rights to use MEOWEE! or similar marks;

(d)      That Spectrum Brands be ordered to file with the Court and serve on Big Heart, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Spectrum Brands has complied with any ordered injunction and retractions;

(e)      That Spectrum Brands be ordered to provide an accounting of Spectrum Brands' profits attributable to its infringing conduct;

(f)      That Spectrum Brands be ordered to destroy or deliver up for destruction all materials in Spectrum Brands' possession, custody, or control used by Spectrum Brands in connection with Spectrum Brands' infringement of the MEOW MIX Trademark, including, without limitation, any materials that embody any reproduction or other copy or colorable imitation of the MEOW MIX Trademark;

(g)      That Spectrum Brands be ordered to pay Big Heart a sum sufficient to cover the cost of corrective marketing and advertising necessary to alleviate any existing confusion, dilution, or reputational damage resulting from Spectrum Brands' wrongful actions;

(h)      That Spectrum Brands be held to account for and pay to Big Heart all damages that Big Heart has suffered as a result of the wrongful conduct alleged above;

(i)      That Big Heart be awarded its attorney's fees and costs to the fullest extent allowed under applicable law;

(j)      That Big Heart be awarded treble actual damages and exemplary or punitive damages be imposed under applicable law;

- 21 -

(k)      That Big Heart be awarded pre-judgment interest on any damages awarded;

(l)      That Big Heart be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid;

(m)     That Big Heart be awarded costs and expenses incurred in prosecuting this action, including expert witness fees;

(n)      That this be declared an exceptional case; and

That Big Heart be granted such other and further relief as the Court deems equitable, just, and appropriate.

Dated:  April 25, 2026                                      Respectfully submitted,

**BAKER & HOSTETLER, LLP**

/Christina J. Moser/
Christina J. Moser
John E. Robertson
Baker & Hostetler LLP
127 Public Square
Key Tower, Suite 2000
Cleveland, Ohio 44114
(216) 861-7864

cmoser@bakerlaw.com
jrobertson@bakerlaw.com

*Attorneys for Big Heart Pet, Inc.*

- 23 -

## DEMAND FOR JURY TRIAL

Big Heart demands this action be tried to a jury.

Dated:  April 25, 2026                           Respectfully submitted,

**BAKER & HOSTETLER, LLP**

/Christina J. Moser/
Christina J. Moser
John E. Robertson
Baker & Hostetler LLP
127 Public Square
Key Tower, Suite 2000
Cleveland, Ohio 44114
(216) 861-7864

cmoser@bakerlaw.com
jrobertson@bakerlaw.com

*Attorneys for Big Heart Pet, Inc.*